**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**GEORGE L. JACKSON, #15150**                                      **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO.  1:06cv386DMR-JMR**

**LEPHER JENKINS and JIM HOOD**                          **RESPONDENTS**

ORDER

Upon consideration of the petition filed pursuant to 28 U.S.C. § 2254 by the petitioner in the above entitled action, the Court finds as follows.

On May 3, 2006, the petitioner amended his petition to name Lepher Jenkins as a respondent in this cause.  Hence, the Clerk of Court shall be directed to amend the record accordingly. In addition, the Court finds that the petitioner failed to state the specific seven grounds presented in his direct appeal.  As such, the petitioner shall amend his petition to provide that information.

Furthermore, Title 28, United States Code, Section 2244(d)(1) provides that a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.[1]   The petitioner's application  for relief shows that he was convicted on or about September 9, 1992.   Hence, the petitioner shall state in his response, why this cause should not be dismissed as untimely.  The petitioner may amend on plain paper.  It

---

[1]The United States Court of Appeals for the Fifth Circuit has held that a petitioner must be afforded a "reasonable time" following the passage of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) before claims which have accrued before the AEDPA's passage will be time-barred. United States v. Flores, 135 F.3d 1000, 1004 (5th Cir. 1998). This "reasonable time" has been defined as "... one year commencing on April 24, 1996, presumptively constitutes a reasonable time for those prisoners whose convictions had become final prior to the enactment of the AEDPA to file for relief ..."  United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998).

is hereby,

**ORDERED:**

1.  That within twenty (20) days of this date, the petitioner shall file an amended petition to

specifically state the grounds raised in his direct appeal to the Mississippi Court of Appeals.

2.  That within twenty (20) days of this date, the petitioner shall file an amended petition to state why this petition should not be summarily dismissed for failure to file within the applicable period of limitation.

3. That the Clerk is directed to amend the record to reflect that Lepher Jenkins is a respondent in this cause.  The Clerk shall mail a copy of this order to the petitioner at his last known address.

THIS, the ___9th___ day of May, 2006.


    s/John M. Roper
CHIEF MAGISTRATE JUDGE

1:06cv386DMR-JMR