IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GEORGE L. JACKSON, #15150**                                                                           **PETITIONER**

**VERSUS**                                               **CIVIL ACTION NO. 1:06CV386-DMR-JMR**

**LEPHER JENKINS and JIM HOOD**                                                        **RESPONDENTS**

<u>**ORDER GRANTING MOTION OF RESPONDENTS TO DISMISS
AND DISMISSING PETITION WITH PREJUDICE**</u>

BEFORE THE COURT is the Petition of George L. Jackson, #15150, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, and the Motion of the Respondents, Lepher Jenkins and Jim Hood, to Dismiss [Doc. No. 10] pursuant to 28 U.S.C. § 2244(d).  And the Court, having carefully considered said motion, the Petitioner's Response, and the Petition and the record and pleadings before it, as well as the applicable case law, is of the opinion that the Motion to Dismiss is well taken and should be granted.

**I. DISCUSSION**

The Respondents submit that the Petition should be dismissed as the Petitioner is time-barred.  28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

>    ©) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Petitioner George L. Jackson was convicted of armed robbery in the Circuit Court of Harrison County, Mississippi, and sentenced to serve a term of forty (40) years as a habitual offender, said sentence to be served in the custody of the Mississippi Department of Corrections. *See* Exhibit A.  On March 8, 2005, the Mississippi Court of Appeals affirmed Jackson's judgment of conviction and sentence. *See* Exhibit B. *Jackson v. State,* 910 So. 2d 658 (Miss. App. 2005) (Cause No. 2003-KA-02235-COA).  The state court records reflect that Jackson did attempt to file a motion for rehearing; however, said motion was denied as untimely.  *See* Exhibit C.

The Respondents submit, and this Court agrees, that by failing to timely seek the first step of discretionary review, Jackson "stopped the appeal process" and was unable to pursue further direct review in the Mississippi Supreme Court by way of a petition for writ of certiorari[1] or by

---

[1] Jackson did attempt to seek certiorari review; however, Jackson's motion was denied. *See* Exhibit D.  Because Jackson's motion for rehearing was not timely filed, this Court agrees that the petition for certiorari was not properly filed for review, as Jackson failed to comply with

2

review in the United States Supreme Court by way of a petition for writ of certiorari.[2] *See Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003). Therefore, Jackson's conviction became final, and the statute of limitations for federal habeas relief began to run, when the time for seeking further direct review in the state court expired, *i.e.*, fourteen (14) days after his conviction was affirmed on direct appeal. *See* M.R.A.P. 40(a) (allowing fourteen (14) days to file a petition for rehearing in state court after direct appeal is affirmed). Accordingly, Jackson's conviction became final on March 22, 2005, (March 8, 2005, plus fourteen (14) days). Furthermore, unless Jackson filed a "properly filed" application as contemplated by 28 U.S.C. § 2244(d)(2) on or before March 22, 2006, to toll the period of limitations, his habeas petition would be filed too late. *See Flanagan v. Johnson,* 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson,* 158 F.3d 806 (5th Cir. 1998). The Mississippi Supreme Court records indicate that no properly filed post-conviction motions were filed by Jackson on or before March 22, 2006.[3] As such, the tolling provision of §2244(d)(2) is not applicable to the instant case.

### III. LEGAL ANALYSIS

The Respondents submit in their motion that the Petitioner's claims are barred by the AEDPA's statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(D). "Congress granted

---

the procedural requirements of M.R.A.P. 40 and 17.

[2] As the Fifth Circuit pointed out in *Roberts v. Cockrell,* 319 F.3d 690, 693 n. 14 (5th Cir. 2003), "By failing to file a petition for discretionary review, [Jackson] apparently waived his right to seek a writ of certiorari from the Supreme Court." (Citations omitted).

[3] Respondents have noted for the Court that the Mississippi Supreme Court Clerk's Office records do not reflect that Jackson has filed a motion for post-conviction relief challenging his conviction and sentence for armed robbery since his direct appeal was affirmed in 2005.

petitioners one year to file a federal habeas petition" which, in the instant case, ". . . is one year from the latest of the dates the factual predicate for the claim could have been discovered." *Ybanez* v. *Johnson,* 204 F.3d 645, 646 (5th Cir. 2000), *cert. denied*, 531 U.S. 881, 121 S.Ct.193 (2000). Under the "mailbox rule", Jackson's *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In the instant case, Jackson's petition was "filed" sometime between the date it was signed on March 29, 2006, and the date it was received and stamped as "filed" in the district court on April 6, 2006. Accordingly, Jackson's petition was untimely filed some 7 to 15 days late after the March 22, 2006, deadline for filing his federal habeas.

Because Jackson's petition was filed much too late and because Jackson cites no "rare and exceptional" circumstance to warrant equitable tolling,[4] the petition must be dismissed with prejudice pursuant to the one-year statute of limitation provision of the AEDPA.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion of the Respondents, Lepher Jenkins and Jim Hood, to Dismiss [Doc. No. 10] pursuant to 28 U.S.C. § 2244(d), be and is hereby **GRANTED**, and the relief sought in the Petition of George L. Jackson,

---

[4] Jackson was not actively misled or prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson,* 192 F.3d at 513-14. Moreover, Jackson has submitted that he has been in lockdown, but admits that such did not occur until April, 2006, which was after he signed his habeas and after the limitations period had expired; as such, Jackson falls short of meeting his burden to show that he is entitled to equitable or statutory tolling under the state-created impediment exception to the limitations period.

#15150, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, be and is hereby **DENIED,** and the instant Petition is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that as all the rights and liabilities as to all the parties have been resolved that a Final Judgment be entered in this cause.

**SO ORDERED AND ADJUDGED** this the       30th       day of January, 2007.


/S/   DAN M. RUSSELL, JR.
**UNITED STATES DISTRICT JUDGE**